UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

YOUNG YIL JO, Civil No. 00-2582 (MJD/FLN)

Plaintiff,

v. **REPORT AND RECOMMENDATION**

D. TOMSCHE, and
M. RYAN,

Defendants.

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which he is seeking leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

Plaintiff, a federal prisoner, commenced this action by filing a pleading entitled "Civil Rights Complaint." (Docket No. 1.) He did not tender the $150 filing fee with his pleading, (as required by 28 U.S.C. § 1914), but instead applied for IFP status. The Court found, however, that Plaintiff's IFP application was incomplete because it did not include the certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2). In addition, Plaintiff failed to pay the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1). Both of Plaintiff's omissions were called to his

FILED MAR 12 2001
CLERK
DEPUTY CLERK

attention by this Court's order of January 12, 2001. (Docket No. 4.) That order gave Plaintiff thirty days to cure the two defects in his original request for IFP status, by submitting both (a) a new IFP application that included the requisite certified trust account information, and (b) the initial partial filing fee prescribed by § 1915(b)(1). That order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with both of those requirements within the time allowed.[1]

The deadline for satisfying the two requirements of the Court's prior order expired more than a month ago, and Plaintiff has not yet satisfied either one of them. During the past two months, Plaintiff has filed several documents in this matter, but those documents have no apparent relevance to the Court's prior order. On January 17, 2001, Plaintiff submitted a copy of a one-page list of statutes that he apparently had mailed to the United States Supreme Court in June of last year. (Docket No. 5). On January 18, 2001, the Court received a one-page document from Plaintiff that says only the following: "May propose the term (ending) on today the date January 16, 2001 by Jury for 24 hours." (Docket No. 6.) On February 21, 2001, the Court received another one-page document that says "May propose the term (ending) on today the date February 26, 2001 by Jury for 24 hours." (Docket No. 7.) None of the materials that Plaintiff has submitted during the past two months comes close to satisfying the requirements of the Court's order of January 12, 2001, nor do those materials provide any explanation for Plaintiff's non-compliance.

---

[1] The final sentence of the Court's prior order reads as follows: "In the event that Plaintiff fails to submit both the new IFP application and his initial partial filing fee within thirty days after the date of this order, it will be recommended that the action be dismissed without prejudice." (Order dated January 12, 2001, [Docket No. 4], [emphasis in the original order].)

Therefore, based on the express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the Court's prior order in this matter, it is now recommended that Plaintiff be deemed to have abandoned this action and that the action be dismissed. Fed.R.Civ.P. 41(b) (actions may be dismissed for failure to comply with court orders). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

It is further recommended that this action be dismissed without prejudice. However, if Plaintiff attempts to pursue his claims in the future, (by filing an entirely new lawsuit), he will have to either pay the full filing fee prescribed by 28 U.S.C. § 1914, or comply with all of the requirements governing prisoner IFP applications, as set forth in 28 U.S.C. § 1915.[2]

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**; and

---

[2] As noted in the Court's order of January 12, 2001, (see fn. 2), if Plaintiff ever attempts to file another lawsuit in federal court, he also will have to file a pleading that (a) provides a more clear and comprehensive explanation of the facts on which his claims are based, and (b) affirmatively demonstrates that he has exhausted all of his available administrative remedies. (See 42 U.S.C. § 1997e(e).)

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: March 9, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.